**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

Jody Maurice Crum,

Plaintiff,

-vs-                                    Civil Action No.: 3:24-cv-438-WWB-JBT

FLORIDA COMMISSION ON OFFENDER REVIEW in its official capacity;

MARK HIERS, MELINDA N. COONROD, RICHARD D. DAVISON, DAVID

A. WYANT,  in their official and individual capacities.

Defendants

  _____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

PLAINTIFF Jody Maurice Crum ("Crum" or "Plaintiff") sues Florida

Commission on Offender Review ("FCOR" or "Defendant(s)"); Mark Hiers

("Hiers" or "Defendant(s)"); Melinda Coonrod ("Coonrod" or "Defendant(s)");

Richard D. Davison ("Davison" or "Defendant(s)"); and, David A. Wyant

("Wyant" or "Defendant(s)"), and states the following in good support of this

Complaint:

1

## NATURE OF THE ACTION

1. This is a 42 U.S. Code § 1983 federal civil rights case under the Eighth, Fourth and Fifth Amendments, and Section 1 of the Fourteenth Amendment of the United States Constitution as applied to the States under the United States Constitution's Fourteenth Amendment for the Defendants' official, individual and collective personal, malicious, and unlawful violations under color of state law of Plaintiff's individual and collective constitutional rights to contractual integrity, due process, equal protection of law, unreasonable seizure, sufficient probable cause to issue a warrant, and protection against cruel and unusual punishment as well as state tort claims for civil conspiracy.

2. FCOR and its Co-Defendants knowingly subjected Plaintiff to false imprisonment by issuing a warrant for Addiction Recovery Supervision without proper jurisdiction. This constitutes willful misconduct, as they acted recklessly, and deliberately disregarded Plaintiff's rights.

3. Despite being informed by Plaintiff's lawyers about the violations of his federal rights and the lack of jurisdiction, FCOR and its Co-Defendants continued to pursue the false imprisonment, displaying conscious indifference to Plaintiff's rights and well-being.

4. The violations of FCOR and its Co-Defendants punished Plaintiff for alleged violations that he did not commit. Their disregard for due process and fair treatment establishes an intent to harm and punish rather than rehabilitate or protect public safety.

5. Defendants committed these unlawful violations of Plaintiff's constitutional and state rights under color of state law to punish and harm Plaintiff in a clear absence of all jurisdiction with bad faith and with deliberate and malicious purpose in reckless, wanton, and willful disregard of Plaintiff's human, safety, liberty, procedural, and property rights with fair warning the acts were violating clearly established constitutional rights of Plaintiff.

## I. JURISDICTION AND VENUE

6. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violations of civil rights under the Eighth, Fourth and Fifth Amendments, and Section 1 of the Fourteenth Amendment to the United States Constitution.

7. This Court has subject-matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 (federal question), 41 U.S.C. 6503 (breach of required contract terms) and 28 U.S.C. § 1343(a)(3) (civil rights); 28 U.S.C. § 1367

provides supplemental jurisdiction over the state law tort claims that arose from the same common nuclei of facts.

8. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) and M.D. Fla. Loc. R. 1.02 (c). Defendants' personal, independent and collective malicious and unlawful violations under color of state law of Plaintiff's constitutional rights giving rise to the claims herein accrued within Hamilton County under this district and division.

9. At all material times, Defendants committed these unlawful violations under color of state law and were taken in a clear absence of all jurisdiction with bad faith, personal and malicious purpose in reckless, wanton, and willful disregard of Plaintiff's human, safety, liberty, procedural and property rights.

## II. PARTIES

10. Plaintiff Jody Maurice Crum, DC# K55385, is currently imprisoned in the custody of the Florida Department of Corrections and otherwise sui juris. He is currently confined at Graceville Correctional Facility, in Graceville, Florida.

11. Defendant FLORIDA COMMISSION ON OFFENDER REVIEW, 4070 Esplanade Way, Tallahassee, FL 32399, is a State of Florida agency responsible for the integrity of the imposition and supervision for Addiction

4

Recovery Supervision. The Florida Commission on Offender Review, a three-member quasi-judicial body, makes decisions on imposing and revoking parole, conditional medical release, control release, conditional release and addiction recovery release.

12. Defendant MARK HIERS, 4070 Esplanade Way, Tallahassee, FL 32399, is General Counsel for the Florida Commission on Offender Review. He is responsible for providing legal advice and guidance to the commission, ensuring compliance with state and federal laws, representing the commission in legal matters, drafting and reviewing policies and procedures, and advising on matters related to due process, fairness, and constitutional rights of offenders.

13. Defendant MELINDA N. COONROD, 4070 Esplanade Way, Tallahassee, FL 32399, is the Chairman, and a Commissioner, for the Florida Commission on Offender Review. She is responsible for providing leadership, oversight, and policy development, ensuring compliance with laws, promoting transparency and accountability, upholding fairness and due process, and representing the commission to the public.

14. Defendant RICHARD D. DAVISON, 4070 Esplanade Way, Tallahassee, FL 32399, is the Vice Chair, and a Commissioner, for the Florida Commission on Offender Review. He is responsible for assisting the

Chairman in providing leadership and oversight, participating in policy development, ensuring compliance with laws, promoting transparency and accountability, upholding fairness and due process, and representing the commission to the public.

15. Defendant DAVID A. WYANT, 4070 Esplanade Way, Tallahassee, FL 32399, is the Secretary, and a Commissioner, for the Florida Commission on Offender Review. He is responsible for maintaining accurate records of commission meetings and decisions, ensuring compliance with procedural requirements, assisting in policy development, promoting transparency and accountability, upholding fairness and due process, and representing the commission to the public.

## III. FACTUAL ALLEGATIONS

1. Florida Commission on Offender Review is a State of Florida government agency with quasi-judicial powers. Clear absence of all jurisdiction divests Florida Commission on Offender Review of it's power to act.

2. Florida Commission on Offender Review has its own codes of governance, policies, and procedures. Each state agency in Florida operates independently from other state agencies, and each state agency is governed by its own representatives. Jody Maurice Crum sues Florida

Commission on Offender Review in its official capacity, for the actions of its Co-Defendants, who are FCOR representatives.

3. All Defendants are State actors, and as such, the United States Constitution governs their individual and collective actions when acting on FCOR's behalf.

4. FCOR's formal and informal policies, written or unwritten, allowed, encouraged or enabled Defendants Coonrod, Davison, Wyant, and Hiers to violate Plaintiff's individual constitutional rights and conspire to commit these constitutional violations in a clear absence of all jurisdiction.

5. This issue is a matter of great public concern. As a governemnt agency with quasi-judicial powers, FCOR's formal and informal codes, policies, practices, and procedures have great impact upon its supervisee's, their families, and Florida's citizenry. This particular State conduct would make any ordinary member of society stand up and proclaim, "This is outrageous!"

6. FCOR retaliated against Plaintiff's exercise of his constitutional rights when Plaintiff peacefully challenged FCOR's policy of his eligibility, and FCOR acted with reckless indifference to Plaintiff's Eighth, Fifth, Fourth and Fourteenth Amendment rights under the United States Constitution.

7. Plaintiff was formerly a prisoner in the Florida Department of Corrections for the charges he was seized for and is currently imprisoned on.

8. September 23, 2013, Plaintiff entered into a negotiated contract with the State of Florida for a term of years of incarnation in case number 1100410. No supervision was agreed upon after being released from incarceration pursuant to the contract.

9. October 21, 2013, Plaintiff entered into a negotiated contract with the State of Florida for a term of years of incarnation in case number 0500723. No supervision was agreed upon after being released from incarceration pursuant to the contract.

10. June 17, 2019, the Florida Department of Corrections prepared an interview form listing the requirements for Plaintiff's eligibility of placement on Addiction Recovery Supervision at Hamilton Correctional Institution.

11. The June 17, 2019, interview form established Plaintiff did not statutorily qualify for Addiction Recovery Supervision divesting Defendants of all jurisdiction to supervise Plaintiff under the Addiction Recovery Supervision statute. FCOR received this interview form on June 17, 2019 through electronic means.

12. October 14, 2019, Plaintiff was discharged, at Hamilton Correctional Institution, from the custody of the Florida Department of Corrections after completing his contracts with the State of Florida.

13. October 14, 2019, Defendants blatantly and deliberately, and with malicious and prejudicial intent to punish and harm Plaintiff, subjected Plaintiff to Addiction Recovery Supervision with four months of fair warning and prior knowledge of Plaintiffs interview form establishing Plaintiff did not statutorily qualify for Addiction Recovery Supervision. This act was motivated by evil intent, and involved reckless or callous indifference to the federally protected rights of Plaintiff and was taken in a clear absence of all jurisdiction.

14. Defendant's blatantly and deliberately, and with malicious and prejudicial intent to punish and harm Plaintiff, breached the contracts between Plaintiff and the State of Florida in case numbers 1100410 and 0500723 by subjecting Plaintiff to Addiction Recovery Supervision on both contracts. This act was motivated by evil intent, and involved reckless or callous indifference to the federally protected rights of Plaintiff and was taken in a clear absence of all jurisdiction.

15. Plaintiff was released from prison after a decade-long struggle with crime and made a decision to rewrite his narrative. Plaintiff changed his

surroundings, his mindset, and his purpose. Starting with repairing fascia and chimneys, Plaintiff carved a new path. In October 2019, Plaintiff launched his own company to help communities rebuild after devastating storms.

16. Plaintiff's journey didn't stop there. He gave back relentlessly - six roofs for Habitat for Humanity, thirteen more for House of Heroes, Easter basket giveaways, customer appreciation golf tournaments and BBQs. His company became synonymous with community support, restoring over 600 properties and injecting over $9,000,000 back into local economies.

17. November 1, 2019, Defendants Coonrod, Davison, & Wyant personally, maliciously, and under color of state law, blatantly and deliberately executed a warrant for retaking, with malicious and prejudicial intent to punish and harm Plaintiff, having five months fair warning and prior knowledge of Plaintiffs interview form establishing he did not statutorily qualify for Addiction Recovery Supervision and over six years fair warning Defendant's were breaching both contracts between Plaintiff and the State of Florida. This act was taken in a clear absence of all jurisdiction and violated clearly established constitutional rights.

18. Defendants Coonrod, Davison, & Wyant personally, maliciously, and under color of state law, blatantly and deliberately, and with malicious and

prejudicial intent to punish and harm Plaintiff, breached the contracts between Plaintiff and the State of Florida in case numbers 1100410 and 0500723 by placing Plaintiff on Addiction Recovery Supervision and issuing a warrant for retaking under both contracts in clear absence of all jurisdiction.

19. December 31, 2019, Plaintiff's company produced over $70,000 in annual revenue.

20. August 5, 2020, Plaintiff retained counsel Robert Morris who contacted Defendants Coonrod, Davison, and Wyant and presented relevant facts that Plaintiff did not statutorily qualify for Addiction Recovery Supervision and informed the Defendants they were divested of all jurisdiction over Plaintiff and breaching the contracts between Plaintiff and the State of Florida in case numbers 1100410 and 0500723.

21. Defendants Coonrod, Davison, and Wyant blatantly and deliberately continued to subject Plaintiff to Addiction Recovery Supervision's warrant for retaking with malicious and prejudicial intent to punish and harm Plaintiff. This act was taken in a clear absence of all jurisdiction and was motivated by evil intent, and involved reckless or callous indifference to the federally protected rights of Plaintiff.

22. December 31, 2020, Plaintiff's company produced over $1,100,000 in annual revenue. In 2020, Plaintiff's company paid off school lunches in local elementary schools.

23. December 31, 2021, Plaintiff's company produced over $2,800,000 in annual revenue. In 2021, Plaintiff's company installed one roof for Habitat for Humanity and paid off school lunches in local elementary schools.

24. July 6, 2022, Plaintiff received a sworn affidavit from his counselor establishing he did not statutorily qualify for Addiction Recovery Supervision.

25. Plaintiff retained counsel Richard Greenberg who contacted Defendants Coonrod, Davison, and Wyant and presented the sworn affidavit and relevant facts that Plaintiff did not statutorily qualify for Addiction Recovery Supervision and informed the Defendants they were divested of all jurisdiction over Plaintiff and they were breaching the contracts between Plaintiff and the State of Florida in case numbers 1100410 and 0500723.

26. Defendants Coonrod, Davison, and Wyant blatantly and deliberately continued to subject Plaintiff to Addiction Recovery Supervision's warrant for retaking with malicious and prejudicial intent to punish and harm Plaintiff. This act was taken in a clear absence of all jurisdiction and was

motivated by evil intent, and involved reckless or callous indifference to the federally protected rights of Plaintiff.

27. December 31, 2022, Plaintiff's company produced over $4,800,000 in annual revenue. In 2022, Plaintiff's company installed three roofs for Habitat for Humanity, nine roofs for House of Heroes, and paid off school lunches in local elementary schools.

28. February 2023, Plaintiff's employees discovered the warrant for retaking executed by Defendants. The morale in Plaintiff's company was adversely affected by reason of the warrant for retaking resulting in revenue taking a drastic decline.

29. October 30, 2023, Plaintiff was seized by the Columbus Police Department, State of Georgia, for the sole purpose of the warrant for retaking executed by Defendants. Plaintiff had no other violations of law or outstanding commitments to subject him to any seizure. This seizure is in direct violation of both contracts between Plaintiff and the State of Florida.

30. October 30, 2023, Plaintiff's world crumbled. Seized, punished and falsely imprisoned for a warrant he never deserved, accused of violating terms he never breached. Defendant's recklessly subjected Plaintiff to a punishment they had no right or jurisdiction to impose.

31. October 30, 2023, Plaintiff's seizure for the out of state warrant for retaking as a fugitive of justice was published in the local news media.

32. October 30, 2023, Plaintiff's company produced over $2,900,000 in annual revenue. In 2023, Plaintiff's company installed two roofs for Habitat for Humanity, four roofs for House of Heroes, donated 325 Easter Baskets to local children in need, and paid off school lunches in local elementary schools.

33. Plaintiff's seizure and false imprisonment has led to unwarranted slander and negative publicity, tarnishing his reputation as a respected entrepreneur and philanthropist. The once-honored business has become the subject of community scrutiny and social media ridicule.

34. Plaintiff's thriving construction business was brought to its knees as numerous contracts were lost due to his sudden seizure and false imprisonment by Defendants. The loss of revenue and future business opportunities has left the Plaintiff financially devastated.

35. November 1, 2023, Plaintiff's company closed due to Plaintiff being seized and false imprisoned as a result of the deliberate and intentional acts of Defendants.

36. November 2023 through February 2024, warrants have been issued for Plaintiff in Georgia and Alabama as a result of his company not fulfilling

contracts due to his October 30, 2023 seizure and false imprisonment by Defendants.

37. Plaintiff's company lost over $4,000,000 in revenue in 2023 due to the internal adverse effects of the warrant for retaking executed by Defendants.

38. January 2, 2024, Plaitntiff initiated proceedings in the First District Court of Appeal, State of Florida, for immediate release from the custody of the Florida Department of Corrections and Defendant's Addiction Recovery Supervision program.

39. January 30, 2024, Plaintiff received a public records response from Florida Commission on Offender Review which contained Plaintiff's Addiction Recovery Supervision interview form, prepared by the Florida Department of Corrections on June 17, 2019, which revealed FCOR was in clear absence of all jurisdiction to impose Addiction Recovery Supervision when Plaintiff was discharge from prison. Plaintiff had no knowledge of this form until he received the public records request.

40. The June 17, 2019 Addiction Recovery Supervision interview form divested FCOR of all jurisdiction and establishs the order of Addiction Recovery Supervision, warrant for retaking, seizure and imprisonment of Plaintiff is viod ab initio.

41. February 21, 2024, Defendant Mark Hiers submitted a response, on behalf of FCOR, to Plaintiff's proceedings in the First District Court of Appeal deliberately and blatantly withholding Plaintiff's June 17, 2019 interview form from the court record, which reflects Plaintiff did not statutorily qualify for Addiction Recovery Supervision, with malicious and prejudicial intent to punish and harm Plaintiff and fraudulently influence the Court's decision to deny Plaintiff's proceedings. This fraudulent act was motivated by evil intent, and involved reckless or callous indifference to the federally protected rights of Plaintiff.

42. Plaintiff's company was named best regional roofing contractor by Georgia Business Journal for four years with an honorary mention. His company joined forces with Auburn highschool for internships and hired two interns for marketing.

43. Plaintiff's company had two offices in Columbus Ga, one in Auburn AL, and one in Montgomery AL, with an office starting in Houston TX. His company had a fleet of 23 vehicles with 13 of them professionally wrapped with an infrastructure of handling any size insurance claim and supporting a national presence.

44. Plaintiff has endured significant personal and psychological punishment and harm as a result of Defendant's deliberate wrongful actions. The

emotional distress and trauma inflicted upon the Plaintiff cannot be overstated.

45. Plaintiff stands stripped of his quality of life and everything he worked so hard to build. Financial ruin, property loss, mental anguish, emotional scars, societal slander - all because of a system that failed to see his redemption, a system that recklessly punished him for crimes that have long been served.

46. Plaintiff's seizure and false imprisonment has subjected him to repeated embarrassment, expense, and ordeal, and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that, even though innocent, he may be found guilty.

47. These deliberate deprivations under color of state law are actionable under and may be redressed by 42 U.S.C. §1983. Plaintiff will seek any attorneys' fees and costs under 42 U.S.C. §1988 if and when he prevails.

## IV. COUNTS

**COUNT I: § 1983 CLAIM OF VIOLATING PLAINTIFF'S FIFTH AMENDMENT RIGHT TO DUE PROCESS AGAINST DEFENDANTS COONROD, DAVISON, WYANT & HIERS FOR SUBJECTING PLAINTIFF TO ADDICTION RECOVERY SUPERVISION.**

48. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this complaint.

49. Defendant, Florida Commission on Offender Review, in it's official capacity, and Defendants Hiers, Coonrod, Davison, & Wyant in their independent and official capacity, have acted and continue to act under color of state law.

50. Defendants Hiers, Coonrod, Davison, & Wyant personally, knowingly, recklessly, and maliciously, and under color of state law deprived Plaintiff of his rights under the Fifth Amendment to the United States Constitution, which are secured through the Fourteenth Amendment, by maliciously subjecting Plaintiff to Addiction Recovery Supervision with fair warning the acts were violating clearly established constitutional rights of Plaintiff and were being taken in a clear absence of all jurisdiction.

51. Defendants violated Plaintiff's Fifth Amendment right to due process, as secured to the states by the Fourteenth Amendment, by seizing Plaintiff and depriving Plaintiff of liberty without proper procedural safeguards. This

18

deprivation occurred despite clear warnings and evidence that Plaintiff did not meet the criteria for Addiction Recovery Supervision, leading to unjustified seizure and imprisonment resulting in irreparable harm.

52. In depriving Plaintiff of these rights, Defendants committed these unlawful violations under color of state law in a clear absence of all jurisdiction with bad faith and malicious purpose in reckless, wanton, and willful disregard of Plaintiff's human, safety, liberty, procedural and property rights. Liability attaches for the acts of quasi-judicial actors, including malicious ones, that are undertaken in a clear absence of all jurisdiction.

53. This deprivation under color of state law is actionable under, and may be redressed by, 42 U.S.C. §1983.


**COUNT II: § 1983 CLAIM OF VIOLATING PLAINTIFF'S FIFTH AMENDMENT RIGHT TO DUE PROCESS AGAINST FLORIDA COMMISSION ON OFFENDER REVIEW FOR BREACH OF CONTRACT IN CASE NUMBER 1100410.**

54. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this complaint.

55. Defendant, Florida Commission on Offender Review, in it's official capacity, and Defendants Hiers, Coonrod, Davison, & Wyant in their

independent and official capacity, have acted and continue to act under color of state law.

56. Defendant, Florida Commission on Offender Review, knowingly, recklessly, maliciously, and under color of state law deprived Plaintiff of his rights under the Fifth Amendment to the United States Constitution, which are secured through the Fourteenth Amendment, by breaching Plaintiff's contract with the State of Florida in case number 1100410 and subjecting Plaintiff to false imprisonment, without jurisdiction, violating his right to due process.

57. Plaintiff had contractual agreements with the State of Florida with the expectation that any supervision imposed upon his release from prison would be in accordance with the law and would not violate his constitutional rights. FCOR's failure to adhere to the statutory criteria for imposing supervision constitutes a violation of Plaintiff's contracts with the State of Florida and his due process rights, as he was deprived of his liberty without proper legal justification.

58. FCOR breached the contracts by subjecting Plaintiff to false imprisonment and unlawful supervision. According to the terms of the contract, FCOR was responsible for supervising Plaintiff in accordance with the law. However, by placing him on supervision without jurisdiction and

falsely imprisoning him, FCOR violated its obligations under the contracts between Plaintiff and the State of Florida.

59. In depriving Plaintiff of these rights, Defendant committed these unlawful violations under color of state law in a clear absence of all jurisdiction with bad faith and malicious purpose in reckless, wanton, and willful disregard of Plaintiff's human, safety, liberty, procedural and property rights. Liability attaches for the acts of quasi-judicial actors, including malicious ones, that are undertaken in a clear absence of all jurisdiction.

60. This deprivation under color of state law is actionable under, and may be redressed by, 42 U.S.C. §1983 and 41 U.S.C. §6503.

**COUNT III: § 1983 CLAIM OF VIOLATING PLAINTIFF'S FIFTH AMENDMENT RIGHT TO DUE PROCESS AGAINST DEFENDANTS HIERS, COONROD, DAVISON & WYANT FOR BREACH OF CONTRACT IN CASE NUMBER 1100410.**

61. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this complaint.

62. Defendant, Florida Commission on Offender Review, in it's official capacity, and Defendants Hiers, Coonrod, Davison, & Wyant in their independent and official capacity, have acted and continue to act under color of state law.

63. Defendants Hiers, Coonrod, Davison, & Wyant personally, knowingly, recklessly, and maliciously, and under color of state law violated Plaintiff's constitutional rights under the Fifth Amendment to the United States Constitution, which are secured through the Fourteenth Amendment, by breaching Plaintiff's contracts with the State of Florida in case number 1100410 and subjecting Plaintiff to false imprisonment, without jurisdiction, violating his right to due process.

64. Plaintiff had contractual agreements with the State of Florida with the expectation that any supervision imposed upon his release from prison would be in accordance with the law and would not violate his constitutional rights. Defendant's failure to adhere to the statutory criteria for imposing supervision constitutes a violation of Plaintiff's contracts with the State of Florida and his due process rights, as he was deprived of his liberty without proper legal justification.

65. Defendants Hiers, Coonrod, Davison, & Wyant breached the contract by subjecting Plaintiff to false imprisonment and unlawful supervision. According to the terms of the contract, Defendants were responsible for supervising Plaintiff in accordance with the law. However, by placing him on supervision without jurisdiction and falsely imprisoning him, Defendants

violated its obligations under the contracts between Plaintiff and the State of Florida.

66. In depriving Plaintiff of these rights, Defendants committed these unlawful violations under color of state law in a clear absence of all jurisdiction with bad faith and malicious purpose in reckless, wanton, and willful disregard of Plaintiff's human, safety, liberty, procedural and property rights. Liability attaches for the acts of quasi-judicial actors, including malicious ones, that are undertaken in a clear absence of all jurisdiction.

67. This deprivation under color of state law is actionable under, and may be redressed by, 42 U.S.C. §1983 and 41 U.S.C. §6503.

**COUNT IV: § 1983 CLAIM OF VIOLATING PLAINTIFF'S FIFTH AMENDMENT RIGHT TO DUE PROCESS AGAINST FLORIDA COMMISSION ON OFFENDER REVIEW FOR BREACH OF CONTRACT IN CASE NUMBER 0500723.**

68. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this complaint.

69. Defendant Florida Commission on Offender Review, in it's official capacity, and Defendants Hiers, Coonrod, Davison, & Wyant in their independent and official capacity, have acted and continue to act under color of state law.

70. Defendant, Florida Commission on Offender Review, maliciously, and under color of state law deprived Plaintiff of his rights under the Fifth Amendment to the United States Constitution, which are secured through the Fourteenth Amendment, by breaching Plaintiff's contract with the State of Florida in case number 0500723 and subjecting Plaintiff to false imprisonment, without jurisdiction, violating his right to due process.

71. Plaintiff had contractual agreements with the State of Florida with the expectation that any supervision imposed upon his release from prison would be in accordance with the law and would not violate his constitutional rights. FCOR's failure to adhere to the statutory criteria for imposing supervision constitutes a violation of Plaintiff's contract with the State of Florida and his due process rights, as he was deprived of his liberty without proper legal justification.

72. FCOR breached the contracts by subjecting Plaintiff to false imprisonment and unlawful supervision. According to the terms of the contract, FCOR was responsible for supervising Plaintiff in accordance with the law. However, by placing him on supervision without jurisdiction and falsely imprisoning him, FCOR violated its obligations under the contracts between Plaintiff and the State of Florida.

73. In depriving Plaintiff of these rights, Defendants committed these unlawful violations under color of state law in a clear absence of all jurisdiction with bad faith and malicious purpose in reckless, wanton, and willful disregard of Plaintiff's human, safety, liberty, procedural and property rights. Liability attaches for the acts of quasi-judicial actors, including malicious ones, that are undertaken in a clear absence of all jurisdiction.

74. This deprivation under color of state law is actionable under, and may be redressed by, 42 U.S.C. §1983 and 41 U.S.C. §6503.

## COUNT V: § 1983 CLAIM OF VIOLATING PLAINTIFF'S FIFTH AMENDMENT RIGHT TO DUE PROCESS AGAINST DEFENDANTS HIERS, COONROD, DAVISON & WYANT FOR BREACH OF CONTRACT IN CASE NUMBER 0500723.

75. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this complaint.

76. Defendant Florida Commission on Offender Review, in it's official capacity, and Defendants Hiers, Coonrod, Davison, & Wyant in their independent and official capacity, have acted and continue to act under color of state law.

77. Defendants Hiers, Coonrod, Davison, & Wyant personally, knowingly, recklessly, and maliciously, and under color of state law violated Plaintiff's constitutional rights under the Fifth Amendment to the United States

Constitution, which are secured through the Fourteenth Amendment, by breaching Plaintiff's contract with the State of Florida in case number 0500723 and subjecting Plaintiff to false imprisonment, without jurisdiction, violating his right to due process.

78. Plaintiff had contractual agreements with the State of Florida with the expectation that any supervision imposed upon his release from prison would be in accordance with the law and would not violate his constitutional rights. Defendant's failure to adhere to the statutory criteria for imposing supervision constitutes a violation of Plaintiff's contract with the State of Florida and his due process rights, as he was deprived of his liberty without proper legal justification.

79. Defendants Hiers, Coonrod, Davison, & Wyant breached the contracts by subjecting Plaintiff to false imprisonment and unlawful supervision. According to the terms of the contract, Defendants were responsible for supervising Plaintiff in accordance with the law. However, by placing him on supervision without jurisdiction and falsely imprisoning him, Defendants violated its obligations under the contracts between Plaintiff and the State of Florida.

80. In depriving Plaintiff of these rights, Defendants committed these unlawful violations under color of state law in a clear absence of all

jurisdiction with bad faith and malicious purpose in reckless, wanton, and willful disregard of Plaintiff's human, safety, liberty, procedural and property rights. Liability attaches for the acts of quasi-judicial actors, including malicious ones, that are undertaken in a clear absence of all jurisdiction.

81. This deprivation under color of state law is actionable under, and may be redressed by, 42 U.S.C. §1983 and 41 U.S.C. §6503.

**COUNT VI: § 1983 CLAIM OF VIOLATING PLAINTIFF'S EIGHTH AMENDMENT PROTECTION FROM CRUEL AND UNUSUAL PUNISHMENT AGAINST DEFENDANTS HIERS, COONROD, DAVISON & WYANT.**

82. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this complaint.

83. Defendant Florida Commission on Offender Review, in it's official capacity, and Defendants Hiers, Coonrod, Davison, & Wyant in their independent and official capacity, have acted and continue to act under color of state law.

84. Defendants Hiers, Coonrod, Davison, & Wyant personally, knowingly, recklessly, and maliciously, and under color of state law violated Plaintiff's constitutional rights to be free from cruel and unusual punishment under the Eighth Amendment, which are secured through the Fourteenth Amendment, by seizing and incarcerating Plaintiff against his will with fair

warning the acts were violating clearly established constitutional rights of Plaintiff. These acts were taken in a clear absence of all jurisdiction under color of state law.

85. In depriving the Plaintiff of these rights, Defendants deliberately committed these unlawful violations under color of state law in a clear absence of all jurisdiction with bad faith and malicious purpose in reckless, wanton, and willful disregard of Plaintiff's human, safety, liberty, procedural, and property rights. Liability attaches for the acts of quasi-judicial actors, including malicious ones, that are undertaken in a clear absence of all jurisdiction.

86. This deprivation under color of state law is actionable under, and may be redressed by, 42 U.S.C. §1983.

## COUNT VII: § 1983 CLAIM OF VIOLATING PLAINTIFF'S FIFTH AMENDMENT PROTECTION OF DOUBLE JEOPARDY AGAINST HIERS, COONROD, DAVISON, AND WYANT.

87. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this complaint.

88. Defendant Florida Commission on Offender Review, in it's official capacity, and Defendants Hiers, Coonrod, Davison, & Wyant in their

independent and official capacity, have acted and continue to act under color of state law.

89. Defendants Hiers, Coonrod, Davison, & Wyant personally, knowingly, recklessly, and maliciously, and under color of state law violated Plaintiff's constitutional rights to be free from double jeopardy under the Fiifth Amendment, which are secured through the Fourteenth Amendment, by unlawfully seizing and incarcerating Plaintiff for the same offense Plaintiff was released for in 2019, with fair warning the acts were violating clearly established constitutional rights of Plaintiff. This act was taken in a clear absence of all jurisdiction under color of state law.

90. In depriving the Plaintiff of these rights, Defendants deliberately committed these unlawful violations under color of state law in a clear absence of all jurisdiction with bad faith and malicious purpose in reckless, wanton, and willful disregard of Plaintiff's human, safety, liberty, procedural, and property rights. Liability attaches for the acts of quasi-judicial actors, including malicious ones, that are undertaken in a clear absence of all jurisdiction.

91. This deprivation under color of state law is actionable under, and may be redressed by, 42 U.S.C. §1983.

**COUNT VIII: § 1983 CLAIM OF VIOLATING PLAINTIFF'S FOURTEENTH AMENDMENT GUARANTEE OF EQUAL PROTECTION OF LAW AGAINST DEFENDANT'S HIERS, COONROD, DAVISON, AND WYANT.**

92. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this complaint.

93. Defendant Florida Commission on Offender Review, in it's official capacity, and Defendants Hiers, Coonrod, Davison, & Wyant in their independent and official capacity, have acted and continue to act under color of state law.

94. Defendants Hiers, Coonrod, Davison, & Wyant personally, knowingly, recklessly, and maliciously, and under color of state law violated Plaintiff's Fourteenth Amendment right to equal protection of the law by subjecting Plaintiff to Addition Recovery Supervision without meeting the statutory criteria, while similarly situated individuals were not subjected to such supervision, thereby invidiously discriminating against Plaintiff and treating him differently and unfairly under the law with fair warning the acts were violating clearly established constitutional rights of Plaintiff. This act was undertaken in a clear absence of all jurisdiction under color of state law.

95. Defendants Hiers, Coonrod, Davison & Wyant knowingly, recklessly, and maliciously subjected Plaintiff to Addiction Recovery Supervision even though any other offender discharged from prison who does not have a

history of substance abuse nor participated in any drug treatment program with convictions for worthless checks, forgery, uttering, counterfeiting, or third degree felony grand theft, were released without being subjected to Addiction Recovery Supervision. This act invidiously discriminating against Plaintiff and treated him differently than those offenders who have the same criteria as Plaintiff and is tied to Plaintiffs constitutionally protected-interest.

96. In depriving the Plaintiff of these rights, Defendants deliberately committed these unlawful violations under color of state law in a clear absence of all jurisdiction with bad faith and malicious purpose in reckless, wanton, and willful disregard of Plaintiff's human, safety, liberty, procedural, and property rights. Liability attaches for the acts of quasi-judicial actors, including malicious ones, that are undertaken in a clear absence of all jurisdiction.

97. This deprivation under color of state law is actionable under, and may be redressed by, 42 U.S.C. §1983.

## COUNT IX: § 1983 CLAIM OF VIOLATING PLAINTIFF'S FOURTH AMENDMENT PROTECTION OF UNREASONABLE SEIZURES AGAINST DEFENDANT'S HIERS, COONROD, DAVISON, AND WYANT.

98. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this complaint.

31

99. Defendant Florida Commission on Offender Review, in it's official capacity, and Defendants Hiers, Coonrod, Davison, & Wyant in their independent and official capacity, have acted and continue to act under color of state law.

100. Defendants Hiers, Coonrod, Davison, & Wyant personally, knowingly, recklessly, and maliciously, and under color of state law violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures, which are secured through the Fourteenth Amendment, by restraining Plaintiff's liberty through means intentionally applied in a clear asbence of all jurisdiction with fair warning the acts were violating clearly established constitutional rights of plaintiff. Due to the Officer's authority, Plaintiff did not feel free to decline the seizure or otherwise terminate the encounter.

101. In depriving the Plaintiff of these rights, Defendants deliberately committed these unlawful violations under color of state law in a clear absence of all jurisdiction with bad faith and malicious purpose in reckless, wanton, and willful disregard of Plaintiff's human, safety, liberty, procedural, and property rights. Liability attaches for the acts of quasi-judicial actors, including malicious ones, that are undertaken in a clear absence of all jurisdiction.

102. This deprivation under color of state law is actionable under, and may be redressed by, 42 U.S.C. §1983.

**COUNT X: § 1983 CLAIM OF VIOLATING PLAINTIFF'S FOURTH AMENDMENT PROTECTION OF PROBABLE CAUSE SUPPORTING THE WARRANT ISSUED AGAINST DEFENDANT'S HIERS, COONROD, DAVISON, AND WYANT.**

103. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this complaint.

104. Defendant Florida Commission on Offender Review, in it's official capacity, and Defendants Hiers, Coonrod, Davison, & Wyant in their independent and official capacity, have acted and continue to act under color of state law.

105. Defendants Hiers, Coonrod, Davison, & Wyant personally, knowingly, recklessly, and maliciously, and under color of state law violated Plaintiff's Fourth Amendment right to be free from warrants being issued without probable cause, which are secured through the Fourteenth Amendment, by issuing a warrant for retaking with fair warning the warrant was being issued in a clear asbence of all jurisdiction establishing probable cause was not present to execute the warrant for retaking with malicious intent the acts were violating clearly established constitutional rights of Plaintiff.

106. In depriving the Plaintiff of these rights, Defendants deliberately committed these unlawful violations under color of state law in a clear absence of all jurisdiction with bad faith and malicious purpose in reckless, wanton, and willful disregard of Plaintiff's human, safety, liberty, procedural, and property rights. Liability attaches for the acts of quasi-judicial actors, including malicious ones, that are undertaken in a clear absence of all jurisdiction.

107. This deprivation under color of state law is actionable under, and may be redressed by, 42 U.S.C. §1983.

## COUNT XI: STATE TORT OF CIVIL CONSPIRACY AGAINST DEFENDANTS HIERS, COONROD, DAVISON & WYANT.

108. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this complaint.

109. Defendant Florida Commission on Offender Review, in it's official capacity, and Defendants Hiers, Coonrod, Davison, & Wyant in their independent and official capacity, have acted and continue to act under color of state law.

110. Defendants Hiers, Coonrod, Davison, & Wyant personally, knowingly, recklessly, and maliciously, and under color of state law conspired to unlawfully deprive Plaintiff of liberty, violating the Fifth, Fourth and Eighth

Amendments and Section 1 of the Fourteenth Amendment to the United States Constitution, as applied to the States via the Fourteenth Amendment, contrary to Plaintiff's rights of due process, equal protection of law, unreasonable seizure, insufficient probable cause to issue a warrant, and cruel and unusual punishment. These acts were undertaken in a clear absence of all jurisdiction under color of state law and demonstrates reckless indifferences to Plaintiff's rights.

111. Defendants conspired together to deprive Plaintiff of his rights under state law. By collaborating to issue a warrant for Plaintiff's seizure in a clear absence of all jurisdiction and subjecting him to Addition Recovery Supervision despite clear warnings and evidence that he did not qualify, the Defendants acted in concert to commit unlawful acts. This conspiracy resulted in harm to Plaintiff, including financial loss, emotional distress, and damage to his reputation and business.

112. Defendants conspired to retaliate against Plaintiff for Plaintiff's clearly established Fifth Amendment constitutional right to due process.

113. Defendants, together, retaliated against Plaintiff by issuing a warrant in clear absence of all jurisdiction and with fair warning Plaintiff did not qualify for Addiction Recovery Supervision.

114. The actions underlying this conspiracy are illegal under the United States Constitution's Fifth, Fourth and Eighth Amendments as applied to the States via the Fourteenth Amendment. Liability attaches for the acts of quasi-judicial actors, including malicious ones, that are undertaken in a clear absence of all jurisdiction.

115. This deprivation under color of state law is actionable under, and may be redressed by, 42 U.S.C. §1983 and 28 U.S.C. §1367.

**COUNT XII: 42 U.S.C. § 1983 CLAIM AGAINST FLORIDA COMMISSION ON OFFENDER REVIEW FOR RECKLESS INDIFFERENCE TO PLAINTIFF'S CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS.**

116. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this complaint.

117. Defendant Florida Commission on Offender Review, in it's official capacity, and Defendants Hiers, Coonrod, Davison, & Wyant in their independent and official capacity, have acted and continue to act under color of state law.

118. Despite clear evidence that Plaintiff did not meet the criteria for Addiction Recovery Supervision and fair warnings of potential violations of constitutional rights, the Defendant's proceeded to subject Plaintiff to Addiction Recovery Supervision, leading to unjustified seizure and

imprisonment resulting in significant harm. This reckless indifference demonstrates a blatant disregard for Plaintiff's rights and warrants legal action to seek redress for the damages incurred. These acts were taken in a clear absence of all jurisdiction under color of state law.

119. FCOR's official and unofficial policies and customs encouraged, caused, allowed, and/or enabled Defendants Hiers, Coonrod, Davidson & Wyant to violate Plaintiff's constitutional and state rights without fear of discipline for those violations. *See Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978).* FCOR, standing on the powers of a quasi-judicial state agency, takes the position that Courts are "without jurisdiction over any conditional release matter, including any modification or deletion of a condition imposed by the Commission," and, " FCOR acting in a quasi-judicial capacity is accorded an absolute immunity from suits for damages for all of their acts, no matter how erroneous or objectively unreasonable", even in clear absence of all jurisdiction.

120. FCOR has not reprimanded Defendants Hiers, Coonrod, Davison & Wyant for their violations of Plaintiff's constitutional rights, nor corrected the wrongful acts, and therefore has implicitly approved, ratified, or adopted Hiers, Coonrod, Davison & Wyant's unconstitutional actions, yet FCOR is

responsible for Defendants' supervision, training, and discipline through its policy-making powers and personnel decisions.

121. There is an obvious need for FCOR to instruct all its representatives on Fifth, Eighth, Fourth, and Fourteenth Amendment rights. FCOR, therefore, has demonstrated a policy of deliberate indifference to such civil rights violations. *See City of Canton v. Harris, 489 U.S. 378, 389 (1989).*

122. FCOR's callous, reckless, wanton, and malicious actions under color of state law in a clear absence of all jurisdiction before, during, and after this loss, has caused Plaintiff to suffer and continue to suffer the damages Plaintiff has described. Liability attaches for the acts of quasi-judicial agencies, including malicious ones, that are undertaken in a clear absence of all jurisdiction.

123. This deprivation under color of state law is actionable under, and may be redressed by, 42 U.S.C. §1983.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff respectfully request this Honorable Court Order the following relief:

A. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this complaint;

B. Granting Plaintiff a declaration stating the facts and omissions described herein violates his rights under the Constitution and the laws of the United States;

C. Granting Plaintiff compensatory damages in the amount of $200,000 for each day of false imprisonment from Ocrober 30, 2023, against each Defendant, jointly and severely;

D. Granting Plaintiff punitive damages in the amount of $200,000 against each Defendant, jointly and severely;

E. Granting Plaintiff Intentional Infliction of Emotional Distress in the amount of $200,000 against each Defendant, jointly and severely;

F. Granting Plaintiff pain and suffering damages in the amount of $200,000 against each Defendant, jointly and severely;

G. Granting Plaintiff liable and slander damages in the amount of $200,000 against each Defendant, jointly and severely;

H. Granting Plaintiff damages for loss of wages from February 2023 through December 2023 in the amount of $200,000 against each Defendant, jointly and severely;

I. Granting Plaintiff damages for loss of future wages from January 2024 in the amount of $2,500,000 against each Defendant, jointly and severely;

J. Granting Plaintiff damages for loss of revenue in the amount of $4,000,000 for Plaintiffs company for fiscal year 2023 against each Defendant, jointly and severely;

K. Granting Plaintiff damages for loss of future revenue from Plaintiff's company in the amount of $29,000,000 against each Defendant, jointly and severely;

L. Granting Plaintiff damages in the amount of $200,000 for each out of state warrant issued for Plaintiff after October 30, 2023, against each Defendant, jointly and severely;

M. Granting Plaintiff damages in the amount of $200,000 for the illegal seizure of Plaintiff, against each Defendant, jointly and severely;

N. Granting Plaintiff damages in the amount of $200,000 for issuance of the warrant for retaking, against each Defendant, jointly and severely;

O. Granting Plaintiff damages in the amount of $200,000 for treating Plaintiff differently and unfairly under the law, against each Defendant, jointly and severely;

P. Granting Plaintiff damages in the amount of $200,000 for the conspiracy to harm Plaintiff against each Defendant, jointly and severely;

Q. Granting Plaintiff damages in the amount of $200,000 for FCOR encouraging, causing, allowing, and/or enabling Defendants Hiers, Coonrod, Davidson & Wyant to violate Plaintiff's constitutional and state rights;

R. Granting Plaintiff damages in the amount of $200,000 for treating Plaintiff differently and unfairly under the law, against each Defendant, jointly and severely;

S. Granting Plaintiff damages in the amount of $200,000 for breaching Plaintiff's contract number 1100410, against each Defendant, jointly and severely;

T. Granting Plaintiff damages in the amount of $200,000 for breaching Plaintiff's contract number 0500723, against each Defendant, jointly and severely;

U. Granting Plaintiff treble damages in the amount of $7,500 for monies spent on counsel Richard Greenberg against each Defendant, jointly and severely;

V. Granting Plaintiff treble damages in the amount of $30,000 for monies spent on counsel Robert Morris against each Defendant, jointly and severely;

W. Granting a trial by jury on all issues triable by jury;

X. Granting recovery for costs in this suit;

Y. Such further and different relief as is just and proper or that is necessary to make the Plaintiff whole; and,

Any additional relief this court deems equitable beyond the above request. So mote it be.


Signed this 30th day of April, 2024.

Respectfully Submitted,


Signature of Plaintiff
5168 Ezell Road
Gracecille, FL 32440

## **VERIFICATION**

I DECLARE under penalty of perjury that the foregoing is true and correct so help me God and keep me steadfast in the due performance of the same.

Executed on: April 30, 2024

_____
Signature of Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I mailed today, on Monday, April 29, 2024, the foregoing to the Federal Clerk of the Court for the Middle District of Florida, which will send notification of such filing to all persons registered for this case, including the Defendants' counsel.

_____
Signature of Plaintiff

43